JOHN R. EVERARD *vs.* G. E. WARNER and another.

February 2, 1887.

Acceptance of Order—Action—Set-off.—T. J. C. gave plaintiff a written order on defendants in these words: "Please pay to the bearer, J. R. E., ninety-five dollars, on delivery of Dakota maps per agreement," which they accepted by indorsing on it: "We hereby agree to pay the within when due T. J. C. on the delivery of the Dakota maps." *Held*, that no other claims except what pertained to the matter of the maps mentioned can be taken into account to determine defendants' liability.

Appeal by defendants from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*C. H. Benton*, for appellants.

*Fish & Evans*, for respondent.

GILFILLAN, C. J. T. J. Cowan, in payment of a debt, gave plaintiff this order on defendants:

"MINNEAPOLIS, December 2, 1882.

"*Warner & Foote:* Please pay to the bearer, John R. Everard, ninety-five ($95) dollars, on delivery of Dakota maps, per agreement, and oblige, T. J. COWAN."

On presentation to them, defendants accepted it by indorsing on it:

"MINNEAPOLIS, December 8, 1882.

"We hereby agree to pay the within when due T. J. Cowan on the delivery of the Dakota maps. WARNER & FOOTE."

The agreement referred to in the order was one by which defendants employed Cowan to solicit on their behalf for orders for a map of Dakota, which they seem to have been publishing, they to pay him $4 commission,—$2 on every order, cash, on receipt of report, and the balance on delivery of the maps. It appears from the evidence that he took orders for 63 or 66 maps, which were delivered in July, 1883, and that defendants paid him on account of such orders $161; they seeking in this action apparently to extinguish the difference between his aggregate commissions at $4 on each of the maps ordered and delivered, and such payment, by applying to that purpose a prior and independent indebtedness from him to them. And they argue that the effect of their acceptance is that they will pay the order when the amount is due Cowan upon a final settlement of his claim on account of orders for maps and any claims they might have against him on any account. This we do not think is the proper construction of the order and acceptance. The only thing in the way of account or claim on either side mentioned in either the order or acceptance on which the liability of defendants was in any way to depend, was the matter of the Dakota maps. Plaintiff had a right to understand that nothing else but the matter of the maps was to limit their promise to pay. Had defendants intended that any other matters should be taken into account as the condition on which they were to pay, they should have expressed it in their acceptance. We see nothing in any of the other points made in the case.

Order affirmed.